## FREDERICK HENSOLDT

*v.*

## TOWN OF PETERSBURG.

1. JURISDICTION—*police magistrate—breach of ordinance.* The original charter of the town of Petersburg gave jurisdiction to justices of the peace in prosecutions for violations of the ordinances of the town to the extent of $50. By the special act of 1867, the jurisdiction of justices of the peace and police magistrates was extended to $100, in suits for the violation of ordinances. The act of 1871 gave increased jurisdiction to the extent of $200 to these officers generally. This act was duly authenticated by the Secretary of State, and published in the laws of that session. *Held,* that in the absence of proof to show that the latter never became a law in the constitutional mode, the act must govern, and that under it the police magistrates had jurisdiction to the amount of $200.

2. CONSTITUTIONAL LAW—*passage of statutes.* When an act of the legislature is duly certified to by the Secretary of State and published as a law of the State, the courts must receive it as having been passed in the manner required by the constitution, unless the contrary is clearly made to appear.

APPEAL from the Circuit Court of Menard county ; the Hon. CHARLES TURNER, Judge, presiding.

Messrs. PRICKETT & HAMILTON, and Mr. OSCAR A. DE LEUW, for the appellant.

Mr. N. W. BRANSON, and Messrs. ROBERTS & GREEN, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court :

This was a prosecution under the ordinances of the town of Petersburg, for selling intoxicating liquors contrary to the provisions of the ordinances. The suit was commenced before a police magistrate of the town, where a judgment was rendered against the appellant for the sum of $150. On an appeal to the circuit court a trial was again had, which resulted in a verdict finding the appellant guilty of sixteen offenses, and in fixing the fine at $10 for each offense. The court overruled the motion for a new trial and rendered judgment against the appellant for the sum of $160.

The causes relied on to reverse the judgment in this case are, with one exception, substantially the same as in the two cases between the same parties, *ante* 111, 141, and the reasoning there may apply to the like objections taken to this judgment.

It is insisted that the police magistrate, and consequently the circuit court, on appeal, could have no jurisdiction in any event to render a judgment against the appellant in this proceeding for a sum greater than $100.

The original charter of the town of Petersburg gave jurisdiction to the justices of the peace of Menard county to render judgment for a violation of the ordinances of the town only to the extent of $50. Laws 1841, sec. 18, p. 330.

By the act of 1867, (Private Laws, vol. 3, sec. 5, p. 568,) the jurisdiction of justices of the peace and police magistrates was extended to the sum of $100 in prosecutions for penalties under the ordinances of the town.

The act of 1871, (Session Laws of 1871, 1872, p. 548,) gave increased jurisdiction to the extent of $200 to justices of the

peace and police magistrates in all civil causes where they had, or may hereafter have, jurisdiction. This act has been authenticated by the certificate of the Secretary of State, and published with the other laws of that session by the authority of the State. No reason is perceived why this statute, if legally enacted, could not confer jurisdiction on the police magistrate in this case; and on appeal, the circuit court would have jurisdiction.

This court held, in the case of the *Illinois Central Railroad* v. *Wren*, 43 Ill. 77, that laws certified and authenticated by the Secretary of State and published by the authority of the State, must be received as having been passed by the general assembly in the manner required by the constitution, unless the contrary is clearly made to appear.

If the act, which is supposed to have conferred the jurisdiction, and under which the magistrate acted, was not legally enacted under the forms prescribed in the constitution, it was the duty of the appellant to have proven the journal of the general assembly in the manner indicated in *Illinois Central Railroad* v. *Wren, supra*. Having failed to do this, we must hold *prima facie*, at least, in this instance, that the magistrate, and the circuit court, on appeal, had jurisdiction to render a judgment for a sum greater than $100.

For the reasons given in this, and in the former opinions, the judgment is affirmed.

*Judgment affirmed.*